# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| **ELIO PENALOSA-DUARTE,** | **CRIMINAL ACTION NO.** |
| **BOP Reg. # 21453-057,** | **2:15-CR-26-RWS-JCF-2** |
| **Movant,** | |
| | **CIVIL ACTION NO.** |
| **v.** | **2:18-CV-213-RWS-JCF** |
| | |
| **UNITED STATES,** | **MOTION TO VACATE** |
| **Respondent.** | **28 U.S.C. § 2255** |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant, a federal prisoner, has filed a 28 U.S.C. § 2255 motion to vacate the 108-month sentence he received on December 21, 2016, after the entry of his guilty plea in this Court. (Doc. 63; see Doc. 58). "If it plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [court] must dismiss the motion . . . ." Rule 4 Governing § 2255 Proceedings; *see also Day v. McDonough*, 547 U.S. 198, 209-10 (2006) ("district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").[1]

---

[1] For many purposes, including the federal statute of limitations, courts in this Circuit apply the same standards to both § 2254 habeas corpus petitions and § 2255 motions

Movant dated his unsigned § 2255 motion on November 1, 2018. (Doc. 63 at 4). He raises only one claim: "On this particular case at the hearing of sentence Mr. Penaloza-Duarte counsel [sic] failed to argue that the sentences should have been running concurrently instead of consecutive." (*Id.* at 3). The Court notes that Movant's sentences do in fact run concurrently. (*See* Doc. 58 at 2).

## I.    The § 2255 Motion Is Time-Barred.

A 28 U.S.C. § 2255 motion is governed by a one-year statute of limitations, which runs from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

to vacate. *See Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("principles developed in habeas cases also apply to § 2255 motions"). This Report and Recommendation serves as fair notice to Movant that the Court is considering the time-bar dismissal of his § 2255 motion.

Absent one of the circumstances set forth in subparagraphs two through four above—and there is no indication that any such circumstance exists here—the limitations period begins to run when a § 2255 movant's judgment of conviction becomes final.

Movant's Judgment & Commitment Order was entered on December 22, 2016, and his convictions became final under § 2255(f)(1) on January 5, 2017, at the close of the 14-day direct appeal window. *See* Fed. R. App. P. 4(b)(1). Movant thus had until January 5, 2018 to file a timely § 2255 motion, and he failed to do so.

> In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of her conviction or sentence. First, if, following the disposition of her direct appeal, a federal prisoner files a petition for a writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. *See Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of her direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is 90 days after the entry of judgment on direct appeal. *See Clay v. United States*, 537 U.S. 522, 532 (2003). Here, neither exception applies because Ramirez did not file a direct appeal of her conviction.

*Ramirez v. United States*, 146 Fed. Appx. 325, 325-26 (11th Cir. 2005) (rejecting appellant's assertion that "because she filed her § 2255 motion within 1 year and 90

days of the entry of her written judgment of conviction, her motion was timely"; and ruling that her "conviction became final on May 12, 2003," when the time expired for her to file a direct appeal, "and, therefore, her § 2255 motion, which was filed on July 28, 2004, was untimely"); *see* Sup. Ct. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

"A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." *Akins*, 204 F.3d at 1089 n.1. For Movant, the opportunity for direct appeal of his judgment of conviction was exhausted on January 5, 2017, when the time expired for him to file a direct appeal. Unless equitable tolling applies or Movant is actually innocent of his crimes of conviction, his § 2255 motion, due no later than January 5, 2018, is time-barred.

A.   **Equitable Tolling**

The Supreme Court has held that the applicable limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But the Court has noted "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"—although

4

"[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 649, 653 (citation and internal quotations omitted).

> These "are separate elements, both of which must be met before there can be any equitable tolling." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1225 (11th Cir. 2017). Deciding these elements requires careful, individualized consideration and a case-by-case inquiry. *See id.* at 1228; *see also Downs v. McNeil*, 520 F.3d 1311, 1322 (11th Cir. 2008). And it requires attention to the principle that equitable tolling is appropriate only "in extreme cases where failure to invoke the principles of equity would lead to unacceptably unjust outcomes." *Downs*, 520 F.3d at 1318.

*Brown v. Sec'y, Dep't of Corr.*, 17-10027, 2018 U.S. App. LEXIS 28650, at *33 (11th Cir. Oct. 11, 2018) (citations altered)); *see Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly. . . . [It] is available only when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (internal quotations omitted)); *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) ("In the § 2255 context, equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (internal quotations omitted)). "The petitioner bears the burden of showing that equitable tolling is warranted."

5

*Hunter*, 587 F.3d at 1308. "To establish diligence, . . . [he] must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004). Movant has offered no basis for equitable tolling here.

### B.    Actual Innocence

And even if the limitations period has expired, "actual innocence, if proved, serves as a gateway through which a petitioner may pass," although "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1936 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "To be credible," a "claim that constitutional error has caused the conviction of an innocent person" must be supported "with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. To prevail on such a claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327; *see Bousley v. United States*, 523 U.S. 614, 623 (1998) (applying *Schlup* standard in guilty plea context: "Petitioner's [procedurally barred] claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error

6

in his plea colloquy has probably resulted in the conviction of one who is actually innocent"—if, that is, he can "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" (internal quotations omitted)). Movant has not presented any new reliable evidence that might support a claim of actual innocence.

Despite Movant's pro se status, his § 2255 motion—filed no earlier than November 1, 2018, although due no later than January 5, 2018—is untimely. *See Brandau v. Warden, FCC Coleman-Medium*, 476 Fed. Appx. 367, 369 (11th Cir. 2012) ("Although we liberally construe pro se filings, we nonetheless require that they comply with procedural rules, including applicable filing deadlines."); *see also Moton v. Cowart*, 631 F.3d 1337, 1340 n.2 (11th Cir. 2011) (same).

## II.  Certificate Of Appealability

A federal prisoner must obtain a certificate of appealability (COA) before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

7

further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted) (citing *Slack*, 529 U.S. at 484).

Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case). Because jurists of reason would not find it debatable, and would agree, that Movant's § 2255 motion is untimely and that neither equitable tolling nor Movant's actual innocence allows review of the merits of his § 2255 claim, a certificate of appealability is not warranted here.

III.   **Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's § 2255 motion to vacate his sentence (Doc. 63) be **DISMISSED as time-barred** under Rule 4 Governing § 2255 Proceedings and that Movant be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 27th day of November, 2018.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge